UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PETER MUSE,

                Plaintiff,

   -against-

KINGMAN, COLE, AND ASSOCIATES LLC,
d/b/a KINGMAN & MORALES and
KINGMAN ARBITRATION,

                Defendants.
------------------------------------------------------------X

*Class Action*

***COMPLAINT***
6964CV08

## INTRODUCTION

1. Peter Muse seeks redress for the illegal practices of Kingman, Cole, and Associates LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

## PARTIES

2. Plaintiff is a citizen of the State of New Hampshire.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from the Plaintiff is a consumer debt.

4. Upon information and belief, Kingman, Cole, and Associates LLC is a New York corporation with its principal place of business located in New York City.

5. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by

consumers nationwide and regularly engages in business the City and State of New York.

6. Defendants are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## JURISDICTION

7. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), as the defendants conduct business in this district and has sufficient ties to the jurisdiction and as the acts and transactions that give rise to this action occurred, in substantial part, in this jurisdiction.

## AS AND FOR A FIRST CAUSE OF ACTION

8. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-7 as if set forth fully in this cause of action.

9. That a personal debt was allegedly incurred by the Plaintiff from an unidentified creditor.

10. That at a time unknown to the Plaintiff herein, the aforementioned debt was referred and/or assigned to the Defendants for collection.

11. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from the Plaintiff.

12. That on or about June 13, 2008, at about 8:00am, Defendant's agent called Marjorie Muse, Plaintiff's 89 year old mother, and advised Marjorie Muse that Plaintiff Peter Muse had to go to court the next day, referring to a Court "docket number," and further stated that he wanted to make the Plaintiff "a deal."

13. That defendant's agent unlawfully disclosed Plaintiff's debt status to Plaintiff's elderly

mother and failed to state that he was confirming or correcting location information concerning the Plaintiff.

14. That Defendant's agents persisted, making several more calls to the Plaintiff's mother, without the Plaintiff's consent, despite already having the Plaintiff's correct location information, with a purpose to harass Marjorie Muse and the Plaintiff, in an effort to collect a bad debt from the Plaintiff.

15. That on or about June 20, 2008, Defendants' agent began to call Plaintiff.

16. That on or about June 21, 2008, Defendants' agent left a voice mail with the Plaintiff.

17. That, in the voice mail, Defendants' agent represented himself as one "*Chad Olson*".

18. That Chad Olson falsely and deceptively represented that the Plaintiff had one "*final opportunity*" to resolve a "*pending civil claim*" by calling the Defendants back by 8pm that night.

19. That Chad Olson told the Plaintiff to call back the number "1.866.345.3490," a number belonging to the Defendants.

20. That when said number is called, a receptionist answers "Kingman Arbitration".

21. That the message failed to state that the call is from a debt collector as required by law.

22. That on or about June 24, 2008, Chad Olson called Rachel Hatch, a relative of the Plaintiff, claiming to be from the law office of "*Kingman and Morales in Buffalo, NY*". Chad Olson requested contact information for one for one Jessica Pickowicz, who is Plaintiff's stepdaughter.

23. That on or about June 24, 2008, at about 9:45pm, one Jessica Pickowicz received a call from Defendants' agent, representing himself as a "*Mr. Andrews from the law office of*

       *Kingman and Morales*", and inquired as to whether Jessica was related to Peter Muse, the Plaintiff herein. Jessica advised that Peter Muse was her step-father.

24. That, during said phone call, Mr. Andrews advised Ms. Pickowicz that Peter Muse was part of a "law suit" and requested contact information for Peter Muse.

25. That on or about June 25, 2008, Steve O Brien, a friend of the Plaintiff, received a call on his cell phone from Defendant's agent requesting contact information of the Plaintiff.

26. That Defendants' agents continued to make phone calls in connection with the Plaintiff's debt, despite having accurate location information for the Plaintiff, solely for the purpose of harassing Plaintiff by contacting friends and family members in an attempt to collect a debt.

27. That on or about June 27, 2008, Chad Olson left another message with the Plaintiff stating the call was in reference to "*pending breach of contract*."

28. That Chad Olson again falsely and deceptively represented that the Plaintiff had one "*final opportunity*" to resolve a "*pending civil claim*" by calling the Defendants back by 4pm that night.

29. That Chad Olson advised the Plaintiff to contact the Defendants at "1.866.345.3490", a number belonging to the Defendants.

30. That the message failed to state that the call is from a debt collector as required by law.

31. That Defendants left then another automated message with the Plaintiff stating that the Plaintiff needed to call "*Kyle Schwartz*" immediately at 1.866.345.4590.

32. That the message failed to state that the call is from a debt collector as required by law.

33. Defendants' conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (c), (d), (e), (f), and (g) in that the Defendants' communications to the

     Plaintiff fail to advise the consumer of his rights, are false, deceptive, unfair, threatening, and made in furtherance of attempting to collect a consumer debt by means of duress and harassment. Defendants' also contacted third parties, in connection with the Plaintiff's debt, without consent of the Plaintiff.

34. Defendants' conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsection (b) and (c) in that communication to third parties to the Plaintiff were made repeatedly, failed to identify themselves, stated to the third parties that the Plaintiff owed a debt, used language that indicated the Defendants' were in the debt collection business and that the communication relates to the collection of a debt.

35. Defendants' conduct also violates 15 U.S.C. 1692 et seq., subsection e(8), e(11), e(14), f and g in failing to convey that the communications are from a debt collector, making false statements and representations and failing to advise the consumer of his rights.

36. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendant is liable to the Plaintiff and all members similarly situated for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus actual damages and treble damages, costs and attorney's fees.

## CLASS ALLEGATIONS

37. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-41 as if set forth fully in this cause of action.

38. This cause of action is brought on behalf of Plaintiff and the members of a class.

39. The class consists of consumers who received telephone calls and messages from the Defendant which used false, deceptive, unfair, threatening methods and failed to properly advise the consumers of their right ands and make proper disclosures.

40. The class consists of all persons whom Defendant's records reflect resided in the United States and who received telephone calls or messages (a) from one of the defendant's collection representatives who used false, deceptive, unfair, threatening methods, failing to advise the consumer of proper disclosures under the FDCPA when collecting debt, similar to the message for the Plaintiff, or contacted a third party without consent of the consumer similar to the Defendants' communications (b) the messages or communications were left concerning payment of an alleged debt and failed to provide proper disclosures as required by the FDCPA; and (c) that the message contained violations of 15 U.S.C. 1692 et seq., subsections b, c, d, e, f, and/or g.

41. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (A) Based on the fact that telephone messages are at the heart of this litigation, the class is so numerous that joinder is impracticable.

    (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members.

    (C) The only individual issue is the identification of the consumers who received the message, (i.e. the class members), a matter capable of ministerial determination from the records of the defendant.

    (D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    (E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of

the class.

42. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

43. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

44. Collection messages, such as those sent by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

45. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

46. Because the Defendants violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendants in the amount of:

(a) Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

    (b)    Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

    (c)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d)    For such other and further relief as may be just and proper.

Dated: July 16, 2008

    ___s/_____  
    Amir J. Goldstein, Esq.  
    **Attorney for the Plaintiff**  
    591 Broadway, #3A  
    New York, New York 11012  
    (212) 966- 5253 phone  
    (212) 941- 8566 fax

Plaintiff requests trial by jury on all issues so triable.

    ____s/_____  
    Amir J. Goldstein  (AG-2888)